PEOPLE *v.* MOORE.

1. AUTOMOBILES—OPERATOR'S LICENSE—IMMEDIATE POSSESSION.

   A driver must have his operator's license in his immediate possession at all times when driving a motor vehicle (CLS 1961, § 257.311).

2. SAME—OPERATOR'S LICENSE—IMMEDIATE POSSESSION—QUESTION OF FACT.

   What constitutes "immediate possession" of a motor vehicle operator's license as required by statute is a question of fact for the jury in a given case (CLS 1961, § 257.311).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 7 Am Jur 2d, Automobiles and Highway Traffic § 98.
   Validity and construction of statute making it a criminal offense for the operator of a motor vehicle not to carry or display his operator's license or the vehicle registration certificate, 6 ALR2d 506.

3. SAME—OPERATOR'S LICENSE—IMMEDIATE POSSESSION—LOCKED GLOVE COMPARTMENT—INSTRUCTION.

  Instruction to jury that motor vehicle operator's license in locked glove compartment of automobile occupied by defendant was not in defendant's immediate possession as a matter of law *held*, erroneous in case where defendant, when asked to produce operator's license by uniformed police officers, could not do so immediately because he had lost or misplaced the key to the glove compartment but forced the compartment open and removed the license for the police before his arrest.

4. CRIMINAL LAW—OPERATOR'S LICENSE—REFUSAL TO EXHIBIT—IMMEDIATE POSSESSION.

  Question whether defendant was in immediate possession of his motor vehicle operator's license when it was locked in the glove compartment of a car in which he was sitting was not properly an issue in a prosecution for refusal to exhibit the operator's license to a uniformed police officer, where the issue was not stated in the complaint and warrant (CLS 1961, § 257.311).

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Wood (Andrew C.), J. Submitted Division 1 May 9, 1968, at Detroit. (Docket No. 3,575.) Decided July 25, 1968.

Charlie Moore was convicted of refusing to exhibit his motor vehicle operator's license to a uniformed police officer upon demand. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Donald F. Sugerman* and *Sheldon M. Meizlish,* for defendant.

BURNS, J. A jury found the defendant guilty of refusing to exhibit his motor vehicle operator's li-

cense to a uniformed officer upon demand. CLS 1961, § 257.311 (Stat Ann 1960 Rev § 9.2011).

Two Detroit police officers observed a vehicle parked in a no-parking area. When they reached the vehicle the defendant was in the driver's seat. According to the testimony of the police, the defendant refused to move the vehicle and refused to display his operator's license. The defendant testified that he was not driving the automobile and that he did not refuse to produce his operator's license. It is undisputed that the license was locked in the glove compartment of the vehicle and that the defendant, having lost or misplaced the key, forced the compartment open and removed the license for the police before being taken to a local precinct where he was formally charged with the offense at bar.

The defendant contends that the trial court erred by instructing the jury that the license locked in the glove compartment was, as a matter of law, not in defendant's "immediate possession."*

The instructions to which defendant objects are as follows:

"Now, [the statute] doesn't say in his possession, it says in his immediate possession. And I charge you that as a matter of law that means you have to have it at such a place that you can show it to the officer upon request. Now, when you have your license locked in a glove compartment of the automobile and you don't have a key it certainly is not in immediate possession of the defendant so as to be in position to display it to the uniformed police officer.

"The purpose of the statute is obvious, that you should have it so that you can display it upon re-

---

* The statute allegedly violated provides: "The licensee shall have such license in his immediate possession at all times when driving a motor vehicle, and shall display the same upon demand of any uniformed police officer."

quest. And that means to be in possession so you can do it, and if it's locked in the glove compartment where you're going to have to force the glove compartment to get it out, as a matter of law, it is not in immediate possession."

It was error for the trial court to so instruct the jury. As pointed out by the defendant, these instructions were equivalent to a directed verdict of guilty if the jury found that the defendant was the operator of the vehicle in question. What constitutes "immediate possession" in a given case is a question of fact for the jury.

Carrying an operator's license in a locked glove compartment is certainly not abnormal in Michigan. Since the license is now an invaluable means of identification, not only for motor vehicle code purposes, but also for cashing checks, etc., it is of little surprise to find licenses within the security of a locked glove compartment. Whether the delay in gaining access to the locked glove compartment constitutes a failure to display a license is a question for the jury to resolve.

The issue of the defendant's possession of a license was not stated in the complaint and warrant and should not be advanced as an issue in the case unless the complaint and warrant are amended.

Reversed and remanded for a new trial.

LEVIN, P. J., and DALTON, J., concurred.