PEOPLE v CHARLIE MOORE

1. Automobiles—Operator's License—Display Upon Demand—Reasonable Time.

> The time limit within which the operator of an automobile must display his operator's license to a uniformed police officer when requested to do so is a reasonable time (MCLA 257.311).

2. Automobiles—Operator's License—Display Upon Demand—Reasonable Time.

> Defendant's conviction of failure to display an automobile operator's license when requested to do so by a uniformed police officer was not supported by sufficient evidence where four minutes, at the most, elapsed between the demand and the display because the defendant had to rip out the bottom of his glove compartment to produce the license, the glove box being locked and defendant not having a key to the box, because under the circumstances the license was displayed within a reasonable time after demand (MCLA 257.311).

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 November 2, 1971, at Detroit. (Docket No. 10134.) Decided January 24, 1972.

Charlie Moore was convicted of failing to display an automobile operator's license to a uniformed police officer upon demand. Defendant appeals. Reversed.

---

References for Points in Headnotes

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 98, 126.
Validity, construction, and application of statute regarding failure or refusal of operator of motor vehicle to display license on demand, 143 ALR 1019.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. On August 27, 1966, defendant, while he was seated behind the wheel of a parked car, was approached by two uniformed Detroit police officers who asked him to move the car out of a no-parking zone. Upon his failure to do so, the officers demanded to see defendant's operator's license and vehicle registration. The testimony regarding subsequent events was conflicting in many respects, but all testified that defendant produced his license within four minutes by tearing out the bottom of the glove box where it was located and to which defendant did not have a key.

Defendant was tried and convicted of failure to display an operator's license to a uniformed police officer upon demand[1] by a jury in the Recorder's Court of Detroit, Traffic and Ordinance Division. Defendant appealed this conviction and this Court reversed and remanded for a new trial.[2]

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to, Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 257.311; MSA 9.2011: "The licensee shall have such license in his immediate possession at all times when driving a motor vehicle, and shall display the same upon demand of any uniformed police officer or field deputy or inspector or other duly authorized representative of the commissioner who shall identify himself as such."

[2] *People v Moore,* 12 Mich App 519 (1968).

In ruling on defendant's appeal from his first conviction this Court held that it was erroneous for the trial judge to charge the jury that as a matter of law, under the aforementioned circumstances, defendant did not have his driver's license in his immediate possession; that being a question for the jury to decide.

Defendant was again tried for failure to display his license, convicted, and, again, appeals. Of the several issues raised by defendant on this appeal, we consider only one: whether there was sufficient evidence on which the jury could base a finding of guilt beyond a reasonable doubt.[3]

At the second trial, the judge charged the jury that where, as here, no time limit or standard is set by statute, the standard to be applied is whether defendant performed the required act within a "reasonable" time. We agree with the trial court's interpretation of the statute, however we do not feel that the evidence here adduced is sufficient to support the jury's finding.

The defendant's operator's license was locked in the glove compartment, and defendant did not have the key in his possession. He ripped out the bottom of the glove compartment and produced the license. One of the police officers testified that two to four minutes elapsed between demand and display of the license; the defendant testified that the time span was no more than four minutes. Given the location of the license, defendant did produce it within a "reasonable" time.

Reversed.

---

[3] We have examined this Court's records in the prior case, *supra;* this issue was not before the Court at that time.